ORIGINAL

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

1. **THEODORE FATHAUER**
P. O. Box 80210
Fairbanks, AK 99708-0210

3. **ROBIN FOX**
6820 S. Shelby Ridge Road
Spokane, WA 99224

3. **EDWARD K. HOGAN, JR.**
12 Lakeview Court
Eastport, New York 11941

4. **LAURIE RENEE NISBET**
3005 E. 19th Avenue
Spokane, WA 99223

5. **RICHARD THOMAN**
P. O. Box 72404
Fairbanks, AK 99707

plaintiffs,

v.

**THE UNITED STATES,**

defendant.

FILED
MAY 4 2007
U.S. COURT OF FEDERAL CLAIMS

No. 07-279 C

## COMPLAINT

1. This is a suit for lost premium pay brought by five forecasters at the National Weather Service who have not been paid Sunday differential because they are part-time employees.

## Jurisdiction and Parties

2. This Court has jurisdiction over this action pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1) because the plaintiffs' claim is founded on an Act of Congress.

3. Each of the plaintiffs are employed as Meteorologists by the National Weather Service, an agency of the United States Department of Commerce. Theodore Fathauer and Richard Thoman are GS-13 Lead Forecasters at the National Weather Service Forecast Office in Fairbanks, Alaska. Robin Fox and Laurie Nisbet are GS-12 General Forecasters at the National Weather Service Forecast Office in Spokane, Washington. Edward Hogan is a GS-12 Aviation Forecaster at the NWS' Center Weather Service Unit collocated at the FAA's Air Route Traffic Control Center in Islip, New York.

## Factual Allegations

4. In 1978, Congress enacted the Federal Employee Part-Time Career Employment Act of 1978, Pub. L. No. 95-437, 5 U.S.C. § 4301 et seq., in order to promote opportunities for Federal employees to engage in "job-sharing" or other part-time employment opportunities.

5. On August 22, 2004, the National Weather Service approved an arrangement whereby Theodore Fathauer and Richard Thoman could share a Lead Forecaster position at the Fairbanks Forecast Office.

6. On November 26, 2006, the National Weather Service approved a "job-share partnership agreement" whereby Robin Fox and Laurie Nisbet could share a General Forecaster position at the Spokane Forecast Office.

7. The National Weather Service Forecast Offices in Fairbanks, Spokane, and elsewhere must be staffed and operate 24 hours a day, seven days a week, 365 days a year, in order to provide timely forecasts and warnings of severe weather. Like all NWS forecasters, plaintiffs Fathauer, Thoman, Fox and Nisbet are routinely scheduled to work Sunday shifts as part of a normal rotational work cycle. Mr. Fathauer works approximately 15 Sundays each year; Mr. Thoman works approximately 22 Sundays per year. Ms. Fox and Ms. Nisbet have begun to work Sundays on an occasional basis.

8. Since October 2005, plaintiff Hogan and another forecaster at the Islip Center Weather Service Unit have "shared" one full-time forecaster position through a job sharing agreement approved by the National Weather Service. Combined, plaintiff Hogan and the other forecaster work 40 hours a week.

9. The National Weather Service Center Weather Service Unit in Islip, NY operates 16 hours a day, seven-days a week, 365 days a year, in order to provide timely forecasts and warnings to the air traffic controllers and air traffic management personnel at the FAA's Islip Air Route Traffic Control Center. Two NWS forecasters are regularly assigned to work eight hour shifts each Sunday at the Islip CWSU. Since October 16, 2005, plaintiff Hogan has worked a total of 58 Sundays.

10. Federal employees who are covered by the General Schedule are entitled to a 25% pay differential when they are scheduled to work on a Sunday. Title 5, section 5546(a) states that:

> An employee who performs work during a regularly scheduled 8-hour period of service which is not overtime work as defined by section 5542(a) of this title a part of which is performed on Sunday is entitled to pay for the entire period of service at the rate of his basic pay, plus premium pay at a rate equal to 25 percent of his rate of basic pay.

11. Plaintiffs Fathauer, Thoman, Fox, Nisbet and Hogan regularly received Sunday premium pay when they were full-time employees, but the National Weather Service ceased paying them Sunday premium pay for their regularly scheduled Sunday shifts in reliance on an Office of Personnel Management regulation which, unlike the statute, limits the payment of Sunday differentials to full-time employees. This OPM regulation, found at 5 C.F. R. § 550.171(a), reads in relevant part:

> A full-time employee is entitled to pay at his or her rate of basic pay plus premium pay at a rate equal to 25 percent of his or her rate of basic pay for each hour of Sunday work. . .

12. There is no basis in any statutory language for OPM's limitation of Sunday differential to full-time employees. The definition of "employee" in Subchapter V, "Premium Pay" of Chapter 55, "Pay Administration" of Title 5 of the U. S. Code defines "employee" as "an employee in or under an Executive agency," with certain exclusions, none of which pertain to part-time work status. Similarly, the general definition of "employee" for Title 5 of the U.S. Code does not differentiate between full-time and part-time employees. Title 5 U.S.C. § 2105(a) reads in pertinent part:

> For the purpose of this title, "employee", except as otherwise provided by this section or when specifically modified, means an officer and an individual who is–
>
> (1) appointed in the civil service by one of the following acting in an official capacity–
>
> (A) the President;
> (B) a Member or Members of Congress, or the Congress;
> (C) a member of a uniformed service;
> (D) an individual who is an employee under this section;
> (E) the head of a Government controlled corporation; or
> (F) an adjutant general designated by the Secretary concerned under section 709(c) of title 32;
>
> (2) engaged in the performance of a Federal function under authority of law or an Executive act; and
>
> (3) subject to the supervision of an individual named by paragraph (1) of this subsection while engaged in the performance of the duties of his position.

13. Immediately after Congress enacted the Sunday premium pay entitlement for General Schedule employees in 1966 in Pub. L. 89-504, OPM proposed a Federal Personnel Management Letter which would have extended Sunday premium pay to part-time as well as full-time employees. However, in an October 19, 1966 letter, the Comptroller General "suggest[ed]" that OPM limit Sunday premium pay to full-time employees. The Comptroller General admitted that "the literal language" of Pub. L. No. 89-504 "does not restrict the benefits in question to full-time employees." However, the Comptroller General posited that because the legislative history of Pub. L. No. 89-504 indicated a general Congressional intent to extend to General Schedule employees "the

same premium pay for Sunday granted to postal employees in 1965," and since postal employees "whose regularly scheduled 5-day workweek includes Sunday" were granted premium pay, Congress must have intended to limit the payment of Sunday differential to only those General Schedule employees who work a full-time, five day workweek despite "the literal language" of the statute. 46 Comp. Gen. 337, 339. OPM has followed this Comptroller General advice ever since.

**Cause of Action**

14. Title 5 U.S.C. § 5546(a) is a "money mandating statute" which entitles plaintiffs Fathauer, Thoman, Fox, Nisbet and Hogan to Sunday premium pay every time they work a regularly scheduled, non-overtime forecasting shift on a Sunday - regardless of whether they work a part-time or full-time work schedule.

15. The United States, and its agency, the National Weather Service, has breached 5 U.S.C. § 5546(a) by failing to pay plaintiffs Fathauer, Thoman, Fox, Nisbet and Hogan 25% Sunday differential because they work part-time.

16. Plaintiffs Fathauer, Thoman, Fox, Nisbet and Hogan are entitled to payment of the 25% Sunday differential that has not been paid to them since they began working part-time.

**Relief Requested**

Wherefore, Plaintiffs respectfully request that judgment be entered in their favor and against the Defendant, and that the Court:

1. Award Plaintiffs damages equal to the 25% Sunday differential which they were not paid on each occasion on which they worked a regularly scheduled, non-overtime Sunday shift since beginning work on a part-time schedule at the National Weather Service;

2. Award Plaintiffs reasonable attorney fees and costs pursuant to the Back Pay Act;

3. Award Plaintiffs such further relief as the Court deems just and proper to provide them an entire remedy and to complete the relief afforded by the judgment.

Respectfully submitted,

RICHARD J. HIRN
General Counsel
National Weather Service Employees Organization
5335 Wisconsin Ave NW
Suite 440
Washington, DC 20015
202-274-1812 (202-274-1813 facsimile)
richard@hirnlaw.com

May 3, 2007