## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THEODORE FATHAUER et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 07-279C |
| v. | ) | |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**Joint Preliminary Status Report**

Pursuant to paragraph 4 of the Court's May 22, 2007 Special Procedures Order ("SPO") and Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiffs and defendant respectfully submit the following joint preliminary status report.

(a) **Does the Court have jurisdiction over this action?**

The plaintiff asserts that the Court possesses jurisdiction to entertain this action. The United States is unaware of any basis upon which to challenge jurisdiction at this time.

(b) **Should this case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other case.

(c) **Should trial of liability and damages be bifurcated?**

The parties agree that the trial of liability and damages should not be

bifurcated.

(d) **<u>Should further proceedings be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefore?</u>**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

(e) **<u>Will a remand or suspension be sought?</u>**

Neither of the parties will seek remand or suspension.

(f) **<u>Will additional parties be joined?</u>**

The parties agree that they will not join any additional parties.

(g) **<u>Does either party intend to file a dispositive motion pursuant to Rule 12(b), 12(c), 52.1, or 56? And, if so, a schedule for the intended filing?</u>**

The parties intend to proceed by cross-motions for judgment upon the administrative record. The parties intend to file their cross-motions within 45 days of the telephonic preliminary status conference. Because that date is contingent upon both (i) the ADR Judge's scheduling of the ENE conference (SPO ¶ 1), and (ii) the Court's scheduling of the telephonic status conference (SPO ¶ 5), the parties cannot provide a more precise filing date at this time.

**Plaintiffs' brief statement of the factual and legal bases for their motion**

The plaintiffs intend to rely upon the following factual and legal bases in support of their motion:

(1) That the plaintiffs, National Weather Service forecasters, are part-time employees. They are regularly scheduled to work less than 40 hours each week.

(2) Each of the plaintiffs have worked, and are routinely scheduled to work, on Sundays.

(3) Although the plaintiffs work on Sundays, they do not receive 25% Sunday differential paid to other NWS forecasters (and most other Federal employees) solely because they are part-time employees.

(4) The statute which entitles Federal employees to 25% Sunday differential, 5 U.S.C. § 5546(a), does not distinguish between full-time and part-time employees.

**Defendant's brief statement of the factual and legal bases for its motion**

The defendant intends to rely upon the following factual and legal bases in support of its motion:

(1) The only relevant facts in this case are the plaintiffs' status as

part-time Federal employees and whether any or all of them worked on a Sunday. Counsel for the defendant has requested from the agency the plaintiffs' employment records to verify the facts alleged in the complaint, and will provide copies of those records to the plaintiffs.

(2) Federal employees' entitlement to additional pay for work performed on Sundays is governed by 5 U.S.C. § 5546 and 5 C.F.R. § 550.171. 5 U.S.C. § 5546 provides that an "employee" is entitled to receive additional pay for certain work performed on Sundays. The Office of Personnel Management has interpreted this statute as permitting only "full-time employee[s]" to receive additional pay for certain work performed on Sundays. 5 C.F.R. § 550.171. This interpretation is based in large part upon a Comptroller General decision which explained that, despite the unqualified use of the term "employee" in the statute, the legislative history clearly demonstrated that Congress only intended to permit full-time Federal employees to receive Sunday premium pay. 46 Comp. Gen. 337. Thus, for the last 41 years, part-time Federal employees have not received Sunday premium pay because they are not statutorily entitled to it. Pursuant to the principles enunciated in Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984), the agency's

interpretation should stand.

(h) **What are the relevant issues?**

Whether part-time Federal employees who work on Sundays are entitled to 25% Sunday differential pay.

(i) **What is the likelihood of Settlement?**

The parties are willing to engage in settlement discussions and will make every effort to resolve this case amicably. To facilitate settlement discussions, the parties will participate in an early neutral evaluation conference if scheduled by Judge Hodges, and will discuss settlement at that time.

(j) **Do the parties anticipate proceeding to trial?**

The parties anticipate that this case will be resolved by the dispositive motions discussed above and do not anticipate proceeding to trial.

(k) **Are there special issues regarding electronic case management needs?**

The parties have no special issues regarding electronic case management needs.

(l) **Is there other information of which the Court should be aware at this time?**

There is no additional information of which the Court should be aware

at this time.

(m) **<u>What is the proposed discovery plan?</u>**

The parties do not anticipate the need for conducting discovery.

**<u>Appendix</u>**

There are no documents relevant to jurisdiction or to the facts alleged in the pleadings and, consequently, the parties will not be filing an appendix to this JPSR.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

<u>/s/ Mark A. Melnick</u>
MARK A. MELNICK
Assistant Director

<u>/s/ Richard J. Hirn</u>
RICHARD J. HIRN
5335 Wisconsin Ave NW
Suite 440
Washington, DC 20015
Tel. (202) 274-1812
Fax. (202) 274-1813
richard@hirnlaw.com

Attorney for Plaintiffs

<u>/s/ Devin A. Wolak</u>
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel. (202) 616-0170
Fax. (202) 514-8624

Attorneys for Defendant

September 20, 2007

**CERTIFICATE OF FILING**

I hereby certify that on September 20, 2007, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Devin A. Wolak
DEVIN A. WOLAK