# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THEODORE FATHAUER et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 07-279C |
| v. | ) | |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE
## TO COURT'S DECEMBER 4, 2007 ORDER

Pursuant to the Court's December 4, 2007 order, defendant, the United States, respectfully submits this explanation of why it is not required to file an answer in this case.

Rule 12(a) of the Rules of the Court of Federal Claims ("RCFC") provides, in pertinent part, that "service of a motion permitted under this rule or RCFC 56" suspends the defendant's obligation to file an answer to the complaint until the Court has made an adverse decision upon the defendant's motion. RCFC 12(a)(2). Paragraph 2 of the Court's May 22, 2007 Special Procedures Order (the "SPO"), permits the defendant "to proceed by dispositive motion in lieu of an Answer," provided that the defendant also file a notice of our intent to do so on or before the date the answer would otherwise be due. Paragraph 3 of the SPO, which expressly "supersedes the time limits for filing dispositive motions contained in the

RCFC," prevents the defendant from filing the proposed dispositive motion until a schedule for such motion is set at the preliminary status conference.

We timely filed the required notice to proceed by dispositive motion on August 6, 2007, and we stated in that notice our understanding that "this Notice satisfies the defendant's obligation to answer or otherwise respond to the plaintiffs' complaint under the Rules of the Court of Federal Claims." On December 4, 2007, the preliminary status conference for this case was conducted telephonically, and it was agreed by the parties and ordered by the Court that the parties shall file cross-motions for summary judgment, with the plaintiffs filing their motion on February 2, 2008, and the defendant filing its response and cross- motion on March 3, 2008.

It appears that some confusion has arisen because the briefing scheduled ultimately agreed upon and ordered requires us to be in a responsive posture, i.e., what is really happening in this case is that the plaintiff -- not the defendant -- is filing a dispositive motion (made pursuant to RCFC 56, and one that both parties expect to fully resolve, or dispose of, this case), and we are responding to it as well as cross-moving. Thus, the exception to RCFC 12(a) arguably no longer applies, and we may be required to file an answer at this time.

Such a conclusion is not necessarily warranted in this case. First, the defendant is still filing a dispositive motion, consistent with its August 6 notice -- our March 3, 2008 response and cross-motion for summary judgment. Because this is a motion brought pursuant to RCFC 56, the defendant's obligation to file an answer is still excused under RCFC 12(a) and the SPO. Additionally, the fact that the plaintiffs are filing their motion first is the result of two considerations: (1) the parties' recognition that this is the plaintiffs' case and they bear the ultimate burden of proof; and (2) the Court's stated (during the December 4, 2007 preliminary status conference) preference to avoid simultaneously filed cross-motions. If the Court desired the defendant to file its motion first, or simultaneously with the plaintiff, we would be prepared to do so.

Therefore, we are still proceeding by a qualifying dispositive motion, and our obligation to answer or otherwise respond to the plaintiffs' complaint remains satisfied in accordance with RCFC 12(a) and the SPO. Accordingly, we respectfully submit that the defendant is not required to file an answer at this time.

Finally, should the Court conclude that an answer is required at this time, we respectfully request that the answer be due no earlier than

December 14, 2007. Counsel for the defendant has already drafted an answer for this case, but it is still being reviewed by agency counsel at both the Department of Commerce (the plaintiffs' employing agency) and the Office of Personnel Management (enforcer of the statute and promulgator of the regulation at issue in this case). We are informed that these agencies cannot adequately consider the admissions we propose in our draft answer in time to file the answer by December 7, 2007. Additionally, when defendant's counsel informed the Court during the December 4, 2007 preliminary status conference that he could file an answer or this explanation by "next" Friday, he meant December 14, not December 7, and his suggestion of that date was based, in part, upon his consideration of the agencies' need to review a draft answer prior to filing. We have discussed this with counsel for the plaintiff, who confirmed that he also understood that "next" Friday meant December 14, and indicated that he does not oppose setting the filing date at December 14, 2007, should such a deadline be necessary.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick (by Bryant G. Snee)
MARK A. MELNICK
Assistant Director

s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel. (202) 616-0170
Fax. (202) 514-8624

December 7, 2007

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on December 7, 2007, a copy of the foregoing "DEFENDANT'S RESPONSE TO COURT'S DECEMBER 4, 2007 ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Devin A. Wolak
DEVIN A. WOLAK