**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THEODORE FATHAUER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 07-279C |
| v. | ) | |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**CONSOLIDATED STATEMENT OF UNCONTROVERTED FACTS**

Pursuant to the Court's December 4, 2007 scheduling order, the parties jointly and respectfully submit this Consolidated Statement of Uncontroverted Facts.

1. Each of the plaintiffs is employed as a Meteorologist by the National Oceanic and Atmospheric Administration ("NOAA"), National Weather Service ("NWS"), a component of the United States Department of Commerce ("Commerce").

2. Theodore Fathauer and Richard Thoman are GS-13 Meteorologists (Lead Forecasters) at the NWS Forecast Office in Fairbanks, Alaska.

3. Robin Fox and Laurie Nisbet are GS-12 Meteorologists

(General Forecasters) at the NWS Forecast Office in Spokane, Washington.

4. Edward Hogan is a GS-12 Meteorologist (Aviation Forecaster) at the NWS Center Weather Service Unit, located together with the Federal Aviation Administration's ("FAA") Air Route Traffic Control Center in Islip, New York.

5. On August 22, 2004, NWS approved an arrangement whereby Theodore Fathauer and Richard Thoman could share a Lead Forecaster position at the Fairbanks Forecast Office. The work schedules for Fathauer and Thoman were changed from full-time to part-time, and both were assigned a regular schedule of 40 part-time hours per biweekly pay period.

6. On November 26, 2006, NWS approved a "job-share partnership agreement" whereby Robin Fox and Laurie Nisbet could share a General Forecaster position at the Spokane Forecast Office. The work schedules for Fox and Nisbet were changed from full-time to part-time. Fox was assigned a regular schedule of 32 part-time hours per biweekly pay period; Nisbet was assigned a regular schedule of 48 part-time hours per biweekly pay period.

7. On October 10, 2005, Edward Hogan and another forecaster at the Islip Center Weather Service Unit have "shared" one full-time forecaster position through a job sharing agreement approved by NWS. Hogan's work schedule was changed from full-time to part-time, and he was assigned a regular schedule of 64 part-time hours per biweekly pay period.

8. The NWS Forecast Offices in Fairbanks and Spokane must be staffed for operations 24 hours a day, seven days a week, 365 days a year, so they may fulfill their mission of providing timely forecasts and warnings of severe weather. Plaintiffs Fathauer, Thoman, Fox and Nisbet are routinely scheduled to work Sunday shifts as part of a regular work schedule. Each of the plaintiffs' Sunday shifts are full 8 hour shifts.

9. The NWS Center Weather Service Unit in Islip, NY operates 16 hours a day, seven-days a week, 365 days a year, so it may fulfill its mission of providing timely forecasts and warnings to the air traffic controllers and air traffic management personnel at the FAA's Islip Air Route Traffic Control Center. Plaintiff Hogan is routinely scheduled to work Sunday shifts as a part of his regular work schedule.

10. Plaintiffs regularly received Sunday premium pay when they

were full-time employees. However, from the time each changed his or her work tour to part-time and continuing through the present, plaintiffs no longer receive Sunday premium pay.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Richard J. Hirn
RICHARD J. HIRN
General Counsel
National Weather Service
Employees Organization
5335 Wisconsin Ave N.W.
Suite 440
Washington, DC 20015
Tel. (202) 274-1812
Fax. (202) 274-1813
richard@hirnlaw.com

Attorney for Plaintiffs

s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel. (202) 616-0170
Fax. (202) 305-7644

Attorneys for Defendant

April 22, 2008

## CERTIFICATE OF FILING

I hereby certify that on April 22, 2008, a copy of the foregoing "CONSOLIDATED STATEMENT OF UNCONTROVERTED FACTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Devin A. Wolak